UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARRY H. SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-11431-DJC |
| ) | |
| ANNIE DOOKHAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                             December 5, 2014

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) denies without prejudice the defendants' motions to dismiss; (3) denies the various motions to amend and the motions for joinder; (4) denies the various motions to extend time as moot; (5) denies the plaintiff's motion for declaratory judgment; and (6) dismisses certain of plaintiff's claims and stays this matter as to the remainder of these claims.

**I.    Background**

Plaintiff Barry H. Spencer ("Spencer"), who is incarcerated at the Old Colony Correctional Center, brings this action challenging past and pending criminal drug prosecutions against him in federal and state court. According to the operative amended complaint (D. 9), in each of the state criminal prosecutions (1) undercover police officers or informants induced Spencer to provide drugs; (2) Boston police officers physically assaulted him prior to and during his arrest; and (3) the evidence relied upon by prosecutors that Spencer was in possession of illegal drugs was fabricated, as it was tested by Annie Dookhan or others at the Massachusetts

1

Department of Public Health Hinton Drug Laboratory ("Hinton Lab")[1]; (4) prosecutors (in connection with law enforcement officers) engaged in malicious prosecution; and that (5) his counsel provided ineffective assistance of counsel. In the first prosecution, SUCR2004-10017, see Amend. Compl. (D. 9 at ¶¶ 72-93), Spencer was acquitted on a distribution charge but convicted on the lesser offense of possession. The Superior Court docket indicates that the jury returned its verdict on July 21, 2006 and that subsequent efforts to reverse the conviction for possession were unsuccessful. See SUCR2004-10017 (D. 76, 77, 107).[2]

The plaintiff claims that his partial victory in that case, SUCR2004-10017, was the impetus for a "witch hunt" against him, motivating law enforcement and prosecutors to entrap him further. According to the amended complaint, the state is prosecuting him again on drug charges in SUCR2006-10731 (recently re-tried, resulting in Spencer's conviction on drug distribution charges and acquittal on other charges on October 14, 2014) and SUCR2011-10040 (set for trial in January 2015).[3]

Spencer also alleges the current prosecution against him on drug charges in another session of this Court, United States v. Spencer, Crim. No. 13-10196-RWZ, is discriminatory and retaliatory. His June 2014 trial in that case ended in a mistrial as the result of hung jury; the retrial is now scheduled for February 2, 2015. (D. 159, 196).

---

[1] For background on the Annie Dookhan scandal at the Hinton Lab, see Wilkins v. United States, 754 F.3d 24, 27 (1st Cir. 2014).

[2] See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (courts may take judicial notice of proceedings in other relevant cases).

[3] Spencer states that the criminal case number for the 2011 indictment is SUCR2011-400100. This case number does not appear in the Superior Court's online docket. The correct case number appears to be Commonwealth v. Spencer, SUCR2011-10040, which does appear in the Superior Court's docket.

Spencer brings this action against state and federal prosecutors (the United States Attorney, the Suffolk County District Attorney and their respective "assistants"); his former criminal defense attorney (Edward Wayland); Annie Dookhan; the Commonwealth of Massachusetts; the Hinton Lab; the City of Boston Police Department; employees of the City of Boston Police Department (Donald Keenan; Timothy Lynch; Sergeant Dwan; and "John Doe" officers); and an informant involved in one of the state prosecutions.

Spencer has not clearly delineated his causes of action. In the introductory paragraph of his amended complaint, he characterizes this action as one for false arrest, illegal incarceration and unconstitutional conviction. In the portion of the amended complaint labeled "Claims for Relief" (D. 9 at 17-18), Spencer alleges that the defendants violated federal and state constitutional and statutory law, his civil liberties, his rights to due process and equal protection, and his right to effective assistance of counsel. In his "Prayers for Relief" (D. 9 at 19-20), the plaintiff asks the Court to declare that the prosecutions against him are unlawful and award compensatory damages.

Spencer seeks leave to proceed *in forma pauperis* (D. 7). He has also filed two motions for joinder of parties (D. 10, 12) in which he seeks to add additional defendants or substitute certain named individuals for the "John Doe" defendants.

Spencer has also filed two motions to file amended complaints. In the first one (D. 16), he seeks to separate his claims into five different amended complaints–one for each of the prosecutions and one against his former defense attorney. He also seeks instructions on removing a civil rights case he filed in Suffolk Superior Court to this Court. In the second motion to amend (D. 19), he proposes a second amended complaint that adds additional defendants.

Although summonses never issued, Defendants Kennan, Lynch, Dwan and "John Doe" officers, all with the Boston Police Department, filed an initial motion to dismiss (D. 17) in regard to the operative, first amended complaint (D. 9), and then later Defendants Kennan, Lynch, Dwan joined by Defendants Peter Chu, John Ryle and Brian Mahoney (named in the proposed second amended complaint) moved to dismiss (D. 23) the proposed second amended complaint (D. 19-1). Spencer seeks additional time to file oppositions to the motions to dismiss (D. 22, 25, 26). On the heels of his conviction in SUCR2006-10731, Spencer recently filed a motion for declaratory judgment (D. 28), which Defendants Dwan, Keenan, Lynch, Ryle, Chu and Mahoney oppose (D. 29).

## II.  Discussion

### A.  Motion for Leave to Proceed *In Forma Pauperis*

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that the plaintiff is without income or assets to prepay the $350.00 filing fee and grants the motion. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $15.09. The remainder of the fee, $334.91, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B.  Screening of the Amended Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2). Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening. Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2); 1915A(b). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes the amended complaint because the plaintiff is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

1. **Younger Abstention**

Spencer asks this Court to interfere in pending state criminal proceedings[4] by declaring that they are in violation of the law. The Court lacks jurisdiction to interfere in a pending state criminal prosecution. See Younger v. Harris, 401 U.S. 37, 46 (1971)); In re Justices of Superior Court Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971))). Under Younger, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," In re Justices, 218 F.3d at 17, as long as the "federal claims" can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004). Spencer has not made any allegations from which the Court may reasonably infer that the claimed defects in any pending criminal proceedings against him cannot be raised in state court, whether before the trial court or by way of appeal. Therefore, the Court lacks jurisdiction to entertain any claim–whether for declaratory relief or damages–that would interfere with any pending state criminal case.

2. **Prosecutorial Immunity**

Prosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424

---

[4] Although Spencer was recently sentenced, after a jury trial, in one of the state cases (SUCR2006-10731), D. 29 at 4, the other state case (SUCR2011-10040) remains pending and, according to the docket, is scheduled for trial on January 9, 2015.

U.S. 409, 430 (1976). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the [government], are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Prosecutorial conduct protected by absolute immunity includes the initiation of a prosecution, the presentation of the State's case, and even the knowing use of false testimony at trial. See Imbler, 424 U.S. at 430-31. Because the Suffolk District Attorney, the United States Attorney and their respective assistants enjoy this immunity in regards to their prosecution of the plaintiff, Spencer has failed to state a claim upon which relief may be granted against these defendants.

### 3. Application of the Rule in Heck

To the extent that Spencer brings claims based on his conviction in an earlier prosecution, SUCR2004-10017, or his recent conviction in SUCR2006-10731 for two counts of drug distribution (subsequent offense), any such claims are barred by the "favorable termination" rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court considered whether a state prisoner who was serving a sentence for voluntary manslaughter could bring a claim under 42 U.S.C. § 1983 ("§ 1983") in which the plaintiff alleged that state prosecutors and the police had violated his rights under the United States Constitution by engaging in an unlawful investigation leading to the plaintiff's arrest, knowingly destroying exculpatory evidence, and causing an unlawful voice identification procedure to be used at trial. See id. Drawing upon the common law tort principle that an action for malicious prosecution cannot be maintained unless the prior criminal proceeding was terminated in favor of the accused, the Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

6

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. 486-87. This rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487.

All of Spencer's claims--including the claims of police misconduct in his arrest and prosecution, malicious prosecution, integrity of drug evidence and testing and ineffective assistance of counsel--appear to implicate the validity of his convictions as does the declaratory relief and compensatory damages he seeks. See, e.g., Pinnick v. Mellen, No. 93-12018-RWZ, 1995 WL 969923, at *1 (D. Mass. February 28, 1995) (citing Heck and Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)); see Nieves v. McSweeney, 73 F. Supp. 2d 98, 105 n. 8 (D. Mass. 1999) (noting that an alternative bar to one plaintiff's § 1983 claim for malicious prosecution would be the Heck bar where she was found guilty of one charge, but not guilty on other charges), aff'd, 241 F.3d 46 (1st Cir. 2001). That is, "[t]o the extent that plaintiff's 1983 claim is based upon allegations of false arrest and malicious prosecution, the claim is barred by Heck. . . . To prevail on either claim, plaintiff would have to establish a lack of probably cause, . . ., thereby necessarily undermining the validity of his conviction." Jeannite v. City of Haverhill, 04-10541-RWZ, 2006 WL 1806410, at *2 (D. Mass June 30, 2006) (citations omitted). Accordingly, Heck bars his claim as to his 2006 conviction and more recent conviction in SUCR2006-10731.[5]

---

[5] Even if his claims as to his 2004 prosecution were not be barred by Heck, the claim nonetheless would be time-barred. For the timeliness of § 1983 claims, the statute "borrows the appropriate state law governing limitations unless contrary to federal law." Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003). The three-year statute of limitations prescribed by M.G.L. c. 260, § 2A or M.G.L. c. 206, § 5B governs here. See Tomaselli v. Beaulieu, 967 F. Supp. 2d 423, 439 (D. Mass. 2013). A claim for malicious prosecution accrues when a criminal trial ends in an acquittal or the proceedings are otherwise terminated in favor of the accused. See Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001). Spencer was acquitted on the distribution count

7

Although Heck does not bar "an action which would impugn an anticipated future conviction," Wallace v. Kato, 549 U.S. 384, 393 (2007), a court may stay such claims pending the outcome of the pending criminal case. Id.; Crooker v. Burns, 544 F. Supp. 2d 59, 64-65 (D. Mass. 2008) "[I]t is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise the civil action will proceed, absent some other bar to suit." Id. at 393-94 (citations omitted).

## III. Conclusion

Accordingly, the Court ORDERS as follows:

1. The motion for leave to proceed *in forma pauperis* (D. 7) is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $15.09. The remainder of the fee, $334.91, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Court shall send a copy of this document to the treasurer of the institution having custody of the plaintiff.

---

and convicted on the possession count in 2006, more than three years prior to the filing of this action. His claim, filed almost seven years later, is barred by the statute of limitations. Similarly, to the extent that Spencer is basing some part of his claims on conduct that occurred more than three years prior to the filing of this lawsuit in June 2013, D. 1, they would be similarly time-barred. For example, to the extent that Spencer is attempted to bring claims independent of claims for false arrest or malicious prosecution based on alleged pre-arrest assaults by certain police officers, D. 9 at 19, or is seeking to amend to add defendants or substitute John Doe defendants to identify these officers, such claims, which are also subject to the three-year statute of limitations, would have accrued at the time the alleged assaults occurred which, at least as to the 2004 and 2006 arrest would fall outside of three-year limitations period. See Nieves, 241 F.3d at 52 (claims of officers' physical abuse accrued at the time those events occurred).

2. For reasons stated above, the claims arising out of Spencer's conviction in SUCR2004-10017 and his conviction in SUCR2006-10731 in the operative, first amended complaint are DISMISSED.

3. To the extent that Spencer asserts claims arising out of his arrest and prosecution in the criminal cases still awaiting trial in January and February 2015, respectively, SUCR2011-10040 and United States v. Spencer, Crim. No. 13-10196-RWZ, the Court STAYS this matter until the resolution of those criminal cases. By March 13, 2015, or within thirty days of the completion of trial in the latter of those two cases, whichever occurs later, Spencer shall file a memorandum, no longer than twenty, double-spaced pages, to show cause why the claims arising out of his arrest and prosecution in those cases asserted in the operative, first amended complaint, D. 9, should not be dismissed.

4. Given the Court's Order and the stay until the resolution of the pending criminal cases, Spencer shall not make any further filings, other than the show cause memorandum required above, without leave of Court.

5. The motions for joinder (D. 10, 12) are DENIED.

6. The motions to amend (D. 16, 19) are DENIED.

7. Summonses shall not issue until the Court's review of the show cause memorandum described above.

8. The defendants' motions to dismiss (D. 17, 23) are DENIED without prejudice in light of this Order.

9. The motions for extensions of time (D. 22, 25, 26) are DENIED AS MOOT.

10. In light of this Order, Spencer's motion for declaratory judgment (D. 28) is DENIED.

**So ordered.**

                    <u> /s Denise J. Casper  </u>
                    United States District Judge